UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-129-MOC-DCK-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| RODNEY TOLEDANA RHODES, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's pro se Motion to Reduce Sentence

Pursuant Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 43). Because

Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny the

motion.

## I. Background

From 2016 to 2017, Defendant participated in a drug-trafficking conspiracy, distributing

crack cocaine in Gaston County, North Carolina. (Doc. No. 31 ¶¶ 5–11). On October 9, 2017,

police searched Defendant's home, seizing 122 grams of crack cocaine and 45 grams of powder

cocaine. (Id. ¶ 7). Additionally, undercover officers conducted three controlled purchases from

Defendant from September through November 2017, buying in total 12.8 grams of crack

cocaine. (Id. ¶¶ 6, 8-9).

The United States charged Defendant with conspiracy to distribute and possess with intent to

distribute crack cocaine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. (Doc. No. 21).

Defendant pleaded guilty. (Doc. No. 23 ¶ 1). Defendant had previously been convicted of

common-law robbery and two counts of assault inflicting serious injury, (Doc. No. 35 ¶¶ 35–48),

1

and at the time of the instant offense, Defendant was serving a sentence for driving while impaired. (Doc. No. 31 ¶ 50).

This Court's probation office submitted a presentence report and calculated a total offense level 29. (Doc. No. 31 ¶ 31). Defendant's criminal history added 10 criminal history points related to his prior convictions. (Id. ¶ 49). The probation office also assessed Defendant two criminal history points because he committed his offense while under a criminal justice sentence. (Id. ¶ 50). The probation office concluded that the Sentencing Guidelines advised a sentence of between 140 and 175 months in prison for the drug-trafficking offense based on a total offense level of 29 and a criminal-history category of V. (Id. ¶ 107; see U.S.S.G. ch. 5 pt. A). This Court adopted the presentence report and sentenced Defendant to 140 months in prison and five years of supervised release. (Doc. No. 38 at 2-3).

Defendant filed the instant Motion under 18 U.S.C. § 3582(c)(2) seeking to reduce his sentence. (Doc. No. 43).

## II. Legal Standard

Amendment 821's Part A is retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 821 pt. A; see U.S.S.G. § 1B1.10(b)(1).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal justice sentence. U.S.S.G. amend. 821 pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal justice sentence as described above. Id.

Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction under Amendment 821. U.S.S.G. § 1B1.10. A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

### III. Analysis

The Government contends that Defendant is ineligible for sentence reduction under Amendment 821. The Court agrees.

Although Defendant received two criminal history points for committing the instant offense while under a criminal justice sentence, application of Amendment 821 would not alter Defendant's criminal history category, and thus not lower his advisory guideline range. Under Amendment 821, Defendant would receive one criminal history point for committing this offense while under a criminal justice sentence because he had more than seven criminal history points related to prior convictions. If Defendant were assessed one criminal history point for committing this offense while under a criminal justice sentence, as opposed to the two he was assessed before sentencing, his total criminal history points would be reduced from 12 to 11. Even with 11 criminal history points, though, Defendant's criminal history category would remain category V. Thus, Defendant is ineligible for sentence reduction under 18 U.S.C. § 3582(c)(2) because application of Amendment 821 would not lower his advisory guideline range.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 43) is **DENIED**.

Signed: August 6, 2024

3

Max O. Cogburn Jr.
United States District Judge